Gerard Louis VACCARO,
Plaintiff–Appellant,

v.

CARSON CITY, a political subdivision of the State of Nevada; Carson City, a municipal corporation; Richard P. Evans; Duane Lemons; Richard Mendoza; Noel Waters; Jason D. Woodbury, Defendants–Appellees.

No. 05–15843.

United States Court of Appeals,
Ninth Circuit.

Submitted April 20, 2007.*

Filed May 3, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Melanie Bruketta, Esq., Carson City District Attorney's Office, Carson City, NV, for Defendants–Appellees.

Before: D.W. NELSON and CALLAHAN, Circuit Judges, and CARNEY **, District Judge.

MEMORANDUM ***

Appellant Gerard Vaccaro ("Vaccaro") appeals the district court's grant of summary judgment to Carson City, several fire inspectors, and deputies on his 42 U.S.C. § 1983 claims relating to the execution of an inspection warrant on May 4, 2001. Vaccaro claims that the fire inspectors and deputies violated his Fourth Amendment rights by lying to obtain the inspection warrant and detaining him when he attempted to flee. In addition, Vaccaro claims that issuing citations violated his constitutional rights, and that he was retaliated against for exercising his First Amendment rights. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's grant of summary judgment de novo. *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 602 (9th Cir.2004). We affirm.

■ In order to make a substantial showing of deliberate falsehood or reckless disregard for the truth in obtaining a warrant that would constitute a violation of the Fourth Amendment under *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), allegations of falsity "cannot be merely conclusory and must be accompanied by a detailed offer of proof." *United States v. Chesher*, 678 F.2d 1353, 1360 (9th Cir.1982). Vaccaro simply pointed to the allegations of his Complaint, and failed to rebut the testimony of the fire inspectors establishing probable cause for the warrant. Therefore, Vaccaro failed to establish a *Franks* violation of his Fourth Amendment rights.

■ Because the fire inspectors and the officers were executing a valid inspection warrant, they were entitled to detain Vaccaro while executing the warrant. *Michigan v. Summers*, 452 U.S. 692, 704–05, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). Vaccaro failed to produce evidence that his brief detention when executing the inspection warrant was objectively unreasonable.

■ Vaccaro failed to show that the inspectors violated his constitutional rights when they issued him a citation even though his wife was the actual owner of the property. The Uniform Fire Code used by Carson City explicitly allowed citation of "the owner, lessee or manager" or "a responsible person." Uniform Fire Code, Appendix VI–D, Model Citation Program § 2.9 (1997). Because the inspectors were expressly allowed to cite a responsible person on the premises, serving the citations on Vaccaro was not a violation of his constitutional rights.

Vaccaro failed to produce evidence that his prior lawsuits against Carson City were a "substantial" or "motivating" factor

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in the inspection. *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir. 1989). Mere evidence that the inspectors knew about the prior lawsuits because Vaccaro mentioned them during the inspection is not enough to avoid summary judgment or raise an issue concerning the inspectors' motivation. *Keyser v. Sacramento City Unified Sch. Dist.,* 265 F.3d 741, 751–52 (9th Cir.2001).

Because Vaccaro failed to establish any constitutional violations, he cannot support a municipal liability claim against Carson City. *Christie v. Iopa,* 176 F.3d 1231, 1235 (9th Cir.1999).

**AFFIRMED.**